IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BRADLEY HAROLD ANDREWS, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:13-CV-122-Y |
| | § | |
| DEE ANDERSON, Sheriff, | § | |
| Tarrant County, Texas, | § | |
|     Respondent. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Bradley Harold Andrews, TDCJ #1530454, is a state prisoner confined in the Tarrant County jail in Fort Worth, Texas.

Respondent Dee Anderson is the Sheriff of Tarrant County, Texas.

#### C. FACTUAL AND PROCEDURAL HISTORY

Petitioner is serving a 7-year sentence on his 2011 burglary conviction in Tarrant County, Texas, in Case No. 1204957D. (Pet. at 2) In this petition, petitioner challenges a disciplinary

proceeding in disciplinary case no. D84046, resulting in the loss of visitation privileges for 25 days. (Pet. at 5; Pet'r Reply at 3) Petitioner alleges he was charged with the major infraction of possession of an altered item and/or contraband, a D-13 violation, and interfering with the intercom, an E-8 violation. (Pet. at 5) The specific allegations, as set forth in the "Tarrant County Sheriff's Department Inmate Disciplinary Report," are indecipherable on the copy provided by petitioner. (Pet., Attachs.) Petitioner asserts, however, that he was merely in possession of "a homemade chess board and a few plastic strings to hold [his] legal papers together" and pushed the intercom to call for help when an officer grabbed his "Mantra" and chess board out of his hand and tore his "Mantra." (Pet. at 6) Petitioner appealed the guilty finding through the jail's administrative remedy, to no avail. (Pet. at 5)

Petitioner claims the disciplinary board and disciplinary proceedings were heard by a "prejudice [sic] and unjust" disciplinary board and disciplinary appeal board, the disciplinary report was written in retaliation for filing over 200 grievances, the alleged offenses are "legally insufficient" to constitute major infractions as defined under the Texas Administrative Code, and the damage to his "Mantra" violated his religious freedom rights. (Pet. at 6-7) He seeks "reversal" of the guilty finding and expungement of the disciplinary violation from his record. (Pet. at 7; Pet'r Reply at 3) Respondent has filed a motion to dismiss the petition for failure to state a cognizable claim. (Resp't Mtn. to Dismiss at 3-4)

## D. Discussion

A state prisoner seeking federal habeas review pursuant to § 2254 must assert a violation of a federal constitutional right to be entitled to such relief. *See Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993). In the context of disciplinary proceedings, habeas relief is appropriate when the

allegations concern punishment which may ultimately affect the length of an inmate's confinement. *Cook v. Tx. Dept. of Criminal Justice Transitional Planning Dept.,* 37 F.3d 166, 168 (5th Cir. 1994). Thus, a petition for writ of habeas corpus is the proper vehicle in which to protest a disciplinary proceeding that results in the loss of good time credits, which could conceivably lengthen an inmate's duration of confinement. *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1972).

This case does not involve the loss of good conduct time. To the extent then the disciplinary proceeding resulted only in loss of visitation privileges, which do not impact the fact or duration of confinement, the petition does not raise a cognizable constitutional claim on federal habeas review. See *Malchi v. Thaler,* 211 F.3d 953, 958-59 (5th Cir. 2000); *Madison v. Parker,* 104 F.3d 765, 768 (5th Cir. 1997); *Berry v. Brady,* 192 F.3d 504, 508 (5th Cir. 1999). Nor does the loss of visitation trigger the procedural due process safeguards under *Wolfe v. McDonnell,* 418 U.S. 539, 564-65 (1974), which, among other things, require some evidence to support a guilty finding.

Further, to the extent petitioner claims the sheriff's department is violating its own disciplinary and/or grievance rules, regulations and/or procedures by not providing a "neutral and impartial" disciplinary board, his claims do not rise to the standards of a constitutional claim. *Myers v. Klevenhagen,* 97 F.3d 91, 94 (5th Cir. 1996); *Manning v. Warden, Louisiana State Penitentiary,* 786 F.2d 710, 711 (5th Cir. 1986); *Hernandez v. Estelle,* 788 F.2d 1154, 1158 (5th Cir. 1986). Likewise, petitioner's claim that the guilty finding on his record will adversely affect his eligibility for parole, resulting in "longer incarceration," does not state a claim that raises a federal constitutional question. (Pet'r 2nd Reply at 3) While procedures relative to parole may affect his duration of confinement, it is well settled that the Texas parole statutes do not confer a liberty interest. "It follows that because [the petitioner] has no liberty interest in obtaining parole in Texas,

he cannot complain of the constitutionality of procedural devices attendant to parole decisions." *Orellana v. Kyle,* 65 F.3d 29, 32 (5th Cir. 1995), *cert. denied,* 516 U.S. 1059 (1996). Therefore, to whatever extent the challenged disciplinary violation may affect petitioner's eligibility for parole, he fails to state a claim that is cognizable on federal habeas review. *Madison,* 104 F.3d at 767; *Sandin v. Conner,* 515 U.S. 472, 483-484 (1995).

Finally, petitioner's claim of retaliation is conclusory. To state a claim of retaliation an inmate must allege the violation of a specific constitutional right and establish that but for the retaliatory motive the disciplinary report would not have occurred. *Woods v. Smith,* 60 F.3d 1161, 1166 (5th Cir. 1995). The burden placed on the inmate to demonstrate a valid retaliation claim is "significant," and mere conclusory allegations of retaliation are insufficient. *Id.*

Any claim that petitioner's First Amendment right to freedom of religion was violated is not cognizable on federal habeas review. *Cook,* 37 F.3d at 168. A civil rights action is the appropriate vehicle to attack this allegedly unconstitutional condition of confinement.

## II. RECOMMENDATION

Respondent's motion to dismiss should be GRANTED and petitioner's petition be dismissed for failure to state a cognizable claim.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written

objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until May __6__, 2013. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until May __6__, 2013, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED April __15__, 2013.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE